IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| William Howard Rutland, III, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Sgt. Rosemary Sanders and ) <br> Ms. K. Shuler, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 8:09-1940-SB-BHH <br><br> **REPORT AND RECOMMENDATION** <br> **OF MAGISTRATE JUDGE** |

The Plaintiff, proceeding pro se, brought this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. The matter is before the Court on the Defendants' Motion for Summary Judgment. (Dkt. # 15.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The Plaintiff brought this action on July 28, 2009, seeking damages for alleged civil rights violations. On October 5, 2009, the Defendants filed a motion for summary judgment. By order filed October 5, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On October 15, 2009, the Plaintiff filed a response opposing the Defendants' Summary Judgment Motion.

**FACTS**

At the time that the Plaintiff fled this action on July 10, 2009, he was a pre-trial detainee at the Berkeley County Detention Center ("BCDC"). It appears from the docket that he was released recently. (See Dkt. # 27- Notice of Change of Address.) In his Complaint, the Plaintiff alleges that the Defendants tampered with his private and legal mail and the Defendant Sgt. Sanders denied him stationery, envelopes, and postage. (Dkt. # 1- Compl. at 3.) He also alleges that on June 10, 2009, he tried to mail documents in order

to meet a court deadline and the Sgt. Sanders did not mail the legal mail until June 16, 2009. He alleges he filed a grievance regarding the incident, # 0010. *Id.* He also alleges he attempted to meet another court deadline on June 30, 2009, and again Sgt. Sanders prevented him. He alleges he filed a grievance for this incident, # 0011. *Id.* Finally, he alleges that on July 9, 2009, he prepared a change of venue motion which he wanted to mail to the public defender before court appearance scheduled for July 16, 2009. Based upon this incident, he alleges that he is being denied access to a scheduled court appearance. (Compl. at 3.)

In his Supplemental Complaint, the Plaintiff alleges that Sgt. Sanders refused to allow him to purchase envelopes, postage, and paper from the canteen. (Dkt. # 13 -Supp. Comp. at 3.) The Plaintiff alleges he was entitled to unlimited access and communication with his family through the mail. *Id.*

In his Supplemental Complaint, the plaintiff also alleges that on September 3, 2009, he requested a sick call form and Sgt. Sanders refused to allow the Plaintiff to request a sick call. (Supp. Compl. at 3.) The Plaintiff alleges that Sanders told him that he would have to pay for any medications and he would have to call his family to take him to see a doctor and pay the bill. *Id.* The Plaintiff states he developed a staph infection. *Id.*

## **APPLICABLE LAW**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of

the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**DISCUSSION**

**Claims against the Defendant Shuler**

Initially, the undersigned finds the Defendant Ms. K. Shuler should be dismissed. In his Complaint, the Plaintiff named Shuler as a defendant. However, the Plaintiff did not make any factual allegations or even refer to Shuler in the body of his Complaint or Supplemental Complaint. It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983. *See, e.g., Monell v. Dept. of Social Svs.,* 436 U.S. 658, 691-92 (1978). Accordingly, the Defendant Shuler should be granted summary judgment.

**Mail Claims**

In his Supplemental Complaint, the Plaintiff claims that Sgt. Sanders refused to allow the Plaintiff to purchase envelopes, paper, and postage from the canteen, blocking his access to the mail and preventing his ability to communicate with his family. The Plaintiff contends that he should have had access to the courts and should have had "unlimited communication with his family through the mail." The Plaintiff's claim regarding his access to the courts and his legal mail is discussed separately below. As for the Plaintiff's allegations regarding his personal mail, his claim fails.

The Plaintiff's claim regarding unlimited mail is without merit. Prisoners do not have an established right to unlimited free access to mail. *Jensen v. Klecker*, 648 F.2d 1179, 1183 (8th Cir.1981); *Jones v. Metzger,* 456 F.2d 854 (6th Cir. 1972) (finding five free letters a week is a reasonable limitation). *See McDonough v. Director of Patuxent*, 429 F.2d 1189, 1193 (4th Cir. 1970)(holding an inmate does not have unlimited use of the mail to communicate with his family). Prison officials can limit communications to ensure safety, security, and the orderly operations of their institution. *See Griffin-El v. MCI Telecommunications Corp.,* 835 F.Supp. 1114, 1122-23 (E.D.Mo.1993).[1] Control of the mail is an essential part of prison administration and the maintenance of order within the prison. Accordingly, the Plaintiff's claim regarding being denied access to unlimited personal mail is without merit and the Defendants should be granted summary judgment.

**Denial of Access to Courts Claims**

In his original Complaint, the Plaintiff alleges that because he was not provided with stationary, envelopes and postage, he was "denied access to a scheduled circuit court." (Compl. at 3.) He also alleges he was prevented from meeting court deadlines because his outgoing mail was not promptly mailed.

---

[1]The undersigned notes that in regard to this claim, there is no basis to distinguish between pretrial detainees and convicted inmates when evaluating security practices. *Bell v. Wolfish*, 441 U.S. at 546 n. 28.

Specifically, the Plaintiff alleges that on June 10, 2009, he tried to mail documents in order to meet a court deadline and that Sgt. Sanders did not mail the legal mail until June 16, 2009. He also alleges he attempted to meet another court deadline on June 30, 2009, and again Sgt. Sanders prevented him. Finally, he alleges that on July 9, 2009, he prepared a change of venue motion which he wanted to mail to the public defender before a court appearance scheduled for July 16, 2009. (Compl. at 3.)

The United States Constitution guarantees prisoners the right of meaningful access to the courts. *Bounds v. Smith,* 430 U.S. 817 (1977). In *Bounds,* the Supreme Court held that the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id.* at 828. To state a denial of access claim, a prisoner must provide some basis for his allegation that the failure to provide access to law materials and books, mail, notary services, etc. have deprived him of meaningful access to the courts. *White v. White,* 886 F.2d 721, 723 (4th Cir. 1989). In *Lewis v. Casey,* 518 U.S. 343, 349 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. This requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access. *Id.* at 352-53. A claim for failure to provide access to the courts must be pleaded with specificity. *Cochran v. Morris,* 73 F.3d 1310, 1317 (4th Cir.1996).

The Plaintiff has not shown, nor even alleged, any actual injury with any specificity. The Plaintiff simply alleges because his mail was delayed he was denied access to a scheduled court hearing. However, the Plaintiff has not presented any evidence that any case was dismissed or that any sanction was imposed by the courts due to any of the alleged delays of his mail. The undersigned also notes that in 2009 alone, the Plaintiff filed sixteen federal § 1983 actions. Clearly, the Plaintiff has had abundant access to file litigation with this Court. *Bounds*, 430 U.S. at 824-25 (constitutionally mandated access

to the courts is meaningful access, not total or unlimited access); *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974) (Fourteenth Amendment right of due process by access to the courts "has not been extended . . . to apply further than protecting the ability of an inmate to prepare a petition or complaint"). Moreover, as noted above, as the Plaintiff fails to show some actual injury resulting from the alleged denial of access to the courts, his claim is without merit. Accordingly, the Defendants should be granted summary judgment on this claim.

**Medical Indifference Claims**

The Plaintiff alleges an indifference to medical care regarding treatment for an alleged staph infection. The Defendants contend that the Plaintiff has failed to state a claim of medical indifference. The undersigned agrees.

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104.

Deliberate indifference is a very high standard. In *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990), the Fourth Circuit Court of Appeals noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. 104; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir.1986). "A medical need

6

is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*, 906 F.Supp. 1025, 1037 (E.D.Va. 1995) (*quoting Monmouth Co. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.1987)).

The Fourth Circuit has held that to bring a denial of medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. *Miltier v. Beorn*, 896 F.2d 848. Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. *Id*. Under these principles, the plaintiff has not alleged facts stating any claim actionable under § 1983 regarding his course of medical treatment against the Defendants.

The Plaintiff alleges that on September 3, 2009, Sgt. Sanders denied him a sick call form. However, the record shows that the Plaintiff initially submitted a sick call request on September 3, 2009, which was answered by Sgt. Sanders the same day. (Defs.' Mem. Supp. Summ. J. Mot. Ex. A.) Thus, the record does not support the Plaintiff's allegations that the Defendant Sgt. Sanders denied him a sick call form. In any event, even assuming the Plaintiff's allegations are true, the Plaintiff's medical records do not support a claim of deliberate indifference.

The Plaintiff was seen by the doctor at the BCDC on September 9, 2009. The Plaintiff was diagnosed with folliculitis, an infection of a hair follicle, on his right buttocks and prescribed an oral antibiotic, Bactrim DS. (Defs.' Mem Supp. Summ. J. Mot. Ex. B.) Then, on September 15, 2009, the Plaintiff filed a "Sick Call Grievance" in which he claimed that his staph infection had spread and that his antibiotic prescription was about to expire. (Defs.' Mem. Supp. Summ. J. Mot. Ex. C.) On September 23, 2009, the Plaintiff was seen

by medical personnel complaining of a staph infection on his right shoulder blade area. The examination revealed no infection and the Plaintiff was reassured that the staph infection on his right buttock had healed. *Id.*

In response to the Defendants' motion, the Plaintiff stated that he "has no hair on his buttock, neither one, right nor left." (Pl.'s Mem. Opp. Summ. J. Mot. at 1)(emphasis in original). Therefore, he contends that he was mis-diagnosed with folliculitis when he actually had a staph infection. *Id.* Even if the doctor mis-diagnosed the Plaintiff's condition,[2] the Plaintiff would still not have a claim of medical indifference as mere negligence or malpractice does not violate the Eighth Amendment. *Miltier,* 896 F.2d at 851. Accordingly, the Plaintiff has failed to state a claim of medical indifference and the Defendants should be granted summary judgment on this claim.

## CONCLUSION

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (Dkt. # 15) be GRANTED and the Plaintiff's Complaint be Dismissed with Prejudice.

IT IS SO RECOMMENDED.

                                  s/Bruce Howe Hendricks
                                  United States Magistrate Judge

February 1, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**

---

[2] The undersigned notes that "[f]olliculitis is an inflammation of one or more hair follicles." http://www.health.google.com/health/ref/folliculitis. "Folliculitis can affect any part of the skin, including the chest, back, arms, legs, buttocks, and cheeks." http://www.medicinenet.com/folliculitis. And a staph infection is simply a specific type of folliculitis. *Id.*

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).